UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MILICA BARJAKTAROVIC,<br><br>                    Plaintiff,<br><br>      vs.<br><br>STATE OF HAWAII,  et al.,<br><br>                    Defendants. | CIV. NO. 24-00249 LEK-WRP |

**ORDER: DISMISSING CERTAIN DEFENDANTS; STAYING THE CASE; DENYING AS MOOT PLAINTIFF'S ORDER TO SHOW CAUSE (TRO), [FILED 6/13/24 (DKT. NO. 8),] PLAINTIFF'S MOTION TO REMOVE THE EVICTION CASE, [FILED 6/13/24 (DKT. NO. 9),] AND DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, [FILED 6/7/24 (DKT. NO. 3)]**

        On June 7, 2024, pro se Plaintiff Milica Barjaktarovic ("Plaintiff") filed a Complaint for a Civil Case ("Complaint") against: the Association of Apartment Owners of Mokuleia Surf ("AOAO"), by and through its Board of Directors; board members Lorne Jackson, Trent Call, Tonya Grace Goldberg, Carolyn Unser, Cynthia Hoye, Joannie Torrio, Rick Yniguez, Kate Nazhura, and board witness David Burkel; All Community Management, and its sole proprietor Bryn James; Associa Hawaii, its parent company Associa, and its managers Christina Marumoto and Richard Emery; Kapono Kaikona; Michael Biechler; Jamie Mariage; Christian Porter; James Ferguson; James Shin; Jodie Roeca; Arthuer Roeca; Gail Nakatani; Dispute Prevention and Resolution ("DPR");

Philadelphia Indemnity Insurance Company; the United States

Department of Justice ("DOJ") and various agencies under the

DOJ; various State entities: the State of Hawai`i ("the State");

the State of Hawai`i Attorney General; the State of Hawai`i

Office of Disciplinary Counsel ("ODC"); the State of Hawai`i

Commission of Judicial Conduct; the State of Hawai`i Department

of Consumer Affairs ("DCCA"), Regulated Industries Office; and

its officers Grant Oumni, Ryan Yamashiro, Terri Cobb-Adams, Eric

Irwin; and the DCCA Insurance Division and its officer Nina

Couch (collectively "State Defendants"); State of Hawai`i First

Circuit Court Judge Lisa Cataldo and State of Hawai`i

Intermediate Court of Appeals Judges Keith Hiraoka and Clyde

Wadsworth (collectively "Judicial Defendants"); and Doe

Defendants 1-50 (all collectively "Defendants"). [Dkt. no. 1 at

pgs. 1-4.] The same day, Plaintiff filed the Application to

Proceed in District Court Without Prepaying Fees or Costs

("Application"). [Dkt. no. 3.] On June 17, 2024, Plaintiff filed

Additional Evidence for the Complaint ("Additional Evidence").

[Dkt. no. 13.] The Court liberally construes the Complaint for a

Civil Case together with the Additional Evidence as Plaintiff's

Complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per

curiam). For the reasons set forth below, certain Defendants are

dismissed, and the case is stayed pending the resolution of

2

Plaintiff's state court appeal. Further, the Application and

Plaintiff's pending motions are denied as moot.

**BACKGROUND**

Plaintiff's Complaint is difficult to decipher, but

appears to take issue with a lawsuit that the AOAO filed against

Plaintiff in the Circuit Court of the First Circuit, State of

Hawai`i ("circuit court") concerning modifications Plaintiff

made to the condominium unit she owns ("Modification Lawsuit").

See Complaint at pgs. 18, 22; see also Ass'n of Apartment Owners

of Moluleia Surf v. Barjaktarovic, Case No. 1CCV-20-0000850

(Hawai`i Cir. Ct.),[1] Final Judgment, filed 11/15/22 (dkt. no.

231) ("Circuit Court Final Judgment"). Plaintiff takes issue

with the arbitration between Plaintiff and the AOAO that

occurred between September 2021 to July 2022 and resulted in an

award in favor of the AOAO, [Complaint at pg. 7,] which the

state court confirmed in its Final Judgment. See Circuit Court

Final Judgment at 2-3. Plaintiff's appeal of the Circuit Court

Final Judgment is ongoing before to the Intermediate Court of

Appeals of the State of Hawai`i ("ICA"). See Ass'n of Apartment

Owners of Moluleia Surf v. Barjaktarovic, No. CAAP-23-0000018;[2]

---

[1] The circuit court case docket will hereinafter be
referenced as AOAO of Moluleia Surf v. Barjaktarovic, Case No.
1CCV-20-0000850.

[2] The ICA case docket will hereinafter be referenced as AOAO
of Moluleia Surf v. Barjaktarovic, No. CAAP-23-0000018.

see also Complaint at pgs. 24-27 (describing the arbitration
process, and the confirmation of the arbitration by the circuit
court).

In broad terms, Plaintiff alleges that the AOAO, its
property managers and attorneys colluded with a biased
arbitrator and judges to ultimately rule in favor of the AOAO.
Plaintiff contends this process began with the arbitration, was
legalized by the circuit court in a judgment, and the ICA failed
to correct the alleged error. See, e.g., Complaint at pgs. 10-
11. Plaintiff further contends various "watchdog" agencies
failed to take action to prevent the foregoing. See id. at pgs.
11, 44.[3]

At the core of the instant case, Plaintiff appears to
be contesting the outcome of the Modification Lawsuit. See id.
at pg. 51 ("It is requested that the Federal Court take over the
case properly, examine plaintiff's evidence and rule in

_____

[3] For example, Plaintiff alleges that: the AOAO obtained a
judgment of $277,311 against Plaintiff, [Complaint at pg. 30;]
Judge Keith Hiraoka and Judge Lisa Cataldo should have recused
themselves, [id. at pgs. 30-31;] the arbitrator and DPR violated
the United States Constitution, various laws and rules, and the
arbitration agreement, [id. at pgs. 33-36;] the circuit court
and the ICA acted improperly through bias and fraud, depriving
Plaintiff's right to due process, [id. at pgs. 36-42;] the AOAO,
various defendants and Judge Cataldo and Judge Hiraoka colluded
in arriving at the judgment at issue, [id. at pgs. 42-44;] and
defendant Philadelphia Indemnity Insurance, Hawai`i state
agencies, and the DOJ did not stop the improper actions of other
defendants, [id. at pgs. 44-46].

plaintiff's favor, at least vacate the award."); see also id. at

pgs. 48-50 (seeking the same relief Plaintiff requested in the

arbitration process that was ultimately confirmed by the state

court). Plaintiff also seeks additional related relief that

arose after she submitted her requested relief to the

arbitrator, such as a temporary restraining order stopping the

foreclosure process on her condominium unit, [id. at pg. 50,]

reimbursements, refunds, and repairs by the AOAO, and further

relief from different parties, [id. at pgs. 50-54].

## STANDARD

"Federal courts can authorize the commencement of any

suit without prepayment of fees or security by a person who

submits an affidavit that demonstrates he is unable to pay."

Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-

KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing

28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action
> commenced pursuant to Section 1915(a) to
> mandatory screening and can order the dismissal
> of any claims it finds "frivolous, malicious,
> failing to state a claim upon which relief may be
> granted, or seeking monetary relief from a
> defendant immune from such relief." 28 U.S.C.
> § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122,
> 1126-27 (9th Cir. 2000) (en banc) (stating that
> 28 U.S.C. § 1915(e) "not only permits but
> requires" the court to *sua sponte* dismiss an *in
> forma pauperis* complaint that fails to state a

5

claim);[4] Calhoun v. Stahl, 254 F.3d 845, 845
(9th Cir. 2001) (per curiam) (holding that "the
provisions of 28 U.S.C. § 1915(e)(2)(B) are not
limited to prisoners").

Id. at *3.

In addition, the following standards apply in the

screening analysis:

Plaintiff is appearing pro se; consequently,
the court liberally construes her pleadings.
Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.
1987) ("The Supreme Court has instructed the
federal courts to liberally construe the
'inartful pleading' of pro se litigants." (citing
Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per
curiam))). The court also recognizes that
"[u]nless it is absolutely clear that no
amendment can cure the defect . . . a pro se
litigant is entitled to notice of the complaint's
deficiencies and an opportunity to amend prior to
dismissal of the action." Lucas v. Dep't of
Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also
Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic]
Cir. 2000).

Despite the liberal pro se pleading
standard, the court may dismiss a complaint
pursuant to Federal Rule of Civil
Procedure 12(b)(6) on its own motion. See Omar v.
Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir.
1987) ("A trial court may dismiss a claim *sua
sponte* under [Rule] 12(b)(6). Such a dismissal
may be made without notice where the claimant
cannot possibly win relief."); see also Baker v.
Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C.
Cir. 1990) (holding that district court may
dismiss cases *sua sponte* pursuant to
Rule 12(b)(6) without notice where plaintiff
could not prevail on complaint as alleged). . . .
"Federal courts are courts of limited
jurisdiction," possessing "only that power

---

[4] Lopez has been overruled, in part, on other grounds by
Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

authorized by Constitution and statute." United
States v. Marks, 530 F.3d 799, 810 (9th Cir.
2008) (quoting Kokkonen v. Guardian Life Ins.
Co., 511 U.S. 375, 377 (1994)). The assumption is
that the district court lacks jurisdiction. See
Kokkonen, 511 U.S. at 377. Accordingly, a "party
invoking the federal court's jurisdiction has the
burden of proving the actual existence of subject
matter jurisdiction." Thompson v. McCombe, 99
F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1

(D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some

citations omitted).

## DISCUSSION

### I.   Screening of the Complaint

#### A.   Immunity

Certain Defendants are entitled to immunity. The Court

lacks jurisdiction over the State and its agencies as these

entities possess sovereign immunity pursuant to the Eleventh

Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465

U.S. 89, 100 (1984). "This jurisdictional bar applies regardless

of the nature of the relief sought." Id. (citation omitted); see

also During v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir.

1991) (stating that the Eleventh Amendment bars "federal courts

from deciding virtually any case in which a state or the 'arm of

a state' is a defendant . . . unless the state has affirmatively

consented to suit" (citations omitted)). Therefore, Plaintiff's

claims against the State; State of Hawai`i Attorney General; the

ODC; the State of Hawai`i Commission of Judicial Conduct; the

DCCA Regulated Industries Office; and DCCA Insurance Division

must be dismissed because it is not possible for Plaintiff to

obtain relief against those defendants. See Omar, 813 F.2d at

991. Further, because it is absolutely clear that Plaintiff

cannot cure the defect in those claims by amendment, the

dismissal is with prejudice. See Lucas, 66 F.3d at 248.

Similarly, to the extent that Plaintiff sues State

officials acting in their official capacities for monetary

relief, the Eleventh Amendment also bars these claims. See

Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016) ("The

Eleventh Amendment bars claims for damages against a state

official acting in his or her official capacity." (citation

omitted)). To the extent that Plaintiff seeks monetary damages

from Grant Oumni, Ryan Yamashiro, Terri Cobb-Adams, Eric Irwin,

and Nina Couch in their official capacities (collectively "State

Official Defendants"), such claims are barred by the Eleventh

Amendment and must be dismissed with prejudice.

The Court likewise lacks jurisdiction over the DOJ. As

an agency of the United States, the DOJ is protected from civil

suit unless sovereign immunity has been waived. See Balser v.

Dep't of Justice, Off. of U.S. Tr., 327 F.3d 903, 907 (9th Cir.

2003). Plaintiff has not identified any waiver of sovereign

immunity, and there is no indication the United States has

waived sovereign immunity in this case. Claims against the DOJ therefore must be dismissed. However, because Plaintiff's claims against the DOJ are not entirely clear, and it is arguably possible for Plaintiff to cure the defects in the claims against the DOJ, dismissal of the DOJ is without prejudice. See Lucas, 66 F.3d at 248.

As to the Judicial Defendants, judges possess absolute immunity for actions taken in their judicial capacities. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). The only instances where judicial immunity does not apply is when a judge is not acting in a judicial capacity or acted in the clear absence of jurisdiction. See id. at 356-57. Even "allegations that judicial . . . decisions were conditioned upon a conspiracy or bribery," such as allegations that judges entered into a conspiracy "to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc). Here, Plaintiff is suing Judges Lisa Cataldo, Keith Hiraoka and Clyde Wadsworth for actions taken in their judicial capacities, namely ignoring Plaintiff's evidence when presiding over Plaintiff's case in state court. See, e.g., Complaint at pg. 54. Therefore, the claims against Judges Cataldo, Hiraoka, and Wadsworth must be dismissed with prejudice.

9

B.      **Whether a Stay is Warranted**

Finally, because the instant Complaint constitutes a de facto appeal of the Circuit Court Final Judgment that is currently on appeal before the ICA, a stay of the instant proceeding is warranted until the proceedings in state court are finalized.

Although Plaintiff couches the Complaint in terms such as extortion or racketeering, see, e.g., id. at pg. 11, it is clear Plaintiff seeks to appeal and overturn the Circuit Court Final Judgment. Plaintiff requests the Court "take over the case," "rule in plaintiff's favor" or "at least vacate the award" confirmed in the underlying state court proceedings. Complaint at pg. 51; see also id. at pgs. 48-50 (seeking the same relief Plaintiff requested in the arbitration process that resulted in the award ultimately confirmed by the circuit court). The arbitration award that Plaintiff asks to be vacated was confirmed in the Circuit Court Final Judgment, and an appeal of Modification Lawsuit is currently pending before the ICA. See AOAO of Moluleia Surf v. Barjaktarovic, Case No. 1CCV-20-0000850, Final Judgment; see generally AOAO of Moluleia Surf v. Barjaktarovic, No. CAAP-23-0000018.

The Colorado River doctrine allows a federal district court to dismiss a case when a concurrent action in pending in another court system in order to conserve judicial resources.

10

See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). This doctrine furthers the purpose of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817-18 (brackets and citations omitted).

Because Plaintiff appears to be trying to assert the same appeal in federal court that is pending before the ICA, the state proceedings and the instant case are similar enough to warrant application of the Colorado River doctrine. See Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989) (stating that "exact parallelism" is not required, and "[i]t is enough if the two proceedings are substantially similar" (citations and internal quotation marks omitted)).

Courts consider eight factors to determine if a stay is warranted:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

Ernest Bock, LLC v. Steelman, 76 F.4th 827, 836 (9th Cir. 2023) (citation omitted), cert. denied, 144 S. Ct. 554 (2024). The

first two factors are irrelevant, as the state court has not assumed control over property; and both the federal and state forums are located in Honolulu. See R.R. St. & Co. v. Transp. Ins. Co., 656 F.3d 966, 979 (9th Cir. 2011) (finding the first two factors irrelevant for the same reasons). The remaining factors substantially weigh in favor of a stay.

The third factor – piecemeal litigation – heavily weighs in favor of a stay. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988). As explained above, Plaintiff seeks to litigate the same issues in the instant case as in state court.

The fourth factor – the order in which jurisdiction was obtained – also weighs in favor of stay, given the instant action is at the screening stage, and Defendants have not yet been served. On the other hand, the state proceeding is on appeal before the ICA. Thus, the state courts have made significantly more progress on the action than the Court. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21 (1983) (determining the fourth factor is "measured . . . in terms of how much progress has been made in the two actions"). It would be "highly inefficient" to allow the instant case to

12

proceed when the state proceedings have progressed far beyond the instant case. See Nakash, 882 F.2d at 1415.

The fifth factor – whether state or federal law provides the rule of decision – weighs slightly in favor of a stay. As stated above, Plaintiff's claims are not articulated precisely, and it is unclear under what theories Plaintiff's case would be allowed to proceed upon if Plaintiff's case proceeded in this district court. However, Plaintiff's claims sound predominantly in state law. See, e.g., Complaint at pg. 25 (quoting Plaintiff's former attorney's argument that the arbitrator violated Hawai`i law); id. at pgs. 33-37 (alleging the arbitrator violated Hawai`i arbitration rules, and the state court judges ignored evidence of the same in reaching their rulings). To the extent that Plaintiff seeks relief under federal law, state courts have concurrent jurisdiction, making this factor less significant. See Nakash, 882 F.2d at 1416 (finding the fourth factor "less significant" in light of state courts' concurrent jurisdiction over RICO claims).

The sixth factor is of little or no weight when the state forum is adequate to protect federal rights. See Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1370 (9th Cir. 1990) (stating the sixth factor is more important when it weighs in favor of federal jurisdiction). Here, there are no obstacles to the state court protecting federal rights. Plaintiff can and has

13

appealed the Circuit Court Final Judgment to the ICA. Thus, the same issues are actively at issue in the state court proceeding, and state courts can resolve these issues just as effectively as federal courts.

The seventh factor heavily weighs in favor of a stay. Plaintiff appears to have filed the instant case to avoid a ruling issued by the state court, due to an apparent loss in state court and broader difficulties proceeding in state court. This is quintessential forum-shopping. See id. at 1371 ("forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court . . .").

Finally, the eighth factor weighs in favor of a stay, as resolution of the state proceedings will resolve whether the Circuit Court Final Judgment may be overturned or not.

Therefore, all applicable factors weigh in favor of a stay. While mindful that the Colorado River doctrine is only applied in "exceptional circumstances," the Court concludes this is one such circumstance. See Colo. River, 424 U.S. at 813 (quotation marks and citation omitted). Accordingly, the instant action is hereby stayed pending final resolution of the Modification Lawsuit on appeal. Plaintiff is directed to notify the Court within 60 days after judgment has been entered in AOAO of Moluleia Surf v. Barjaktarovic, No. CAAP-23-0000018 if

Plaintiff does not file an application for certiorari with the Hawai`i Supreme Court, or within 60 days of resolution of an appeal to the Hawai`i Supreme Court. See Haw. R. App. P. 4(a)(1) (stating a civil appeal must be filed within 30 days after entry of the judgment or appealable order). The Court will determine whether lifting the stay is warranted at that time.

## II.   Application and Other Motions

In light of the stay of the instant case, the Court denies as moot Plaintiff's Order to Show Cause (TRO), filed June 13, 2024, [dkt. no. 8;] Plaintiff's Motion to Remove the Eviction Case, filed June 13, 2024, [dkt. no. 9;] Plaintiff's Ex-Parte Motion for Appointment of Counsel, filed June 13, 2024, [dkt. no. 10;] and the Application. Plaintiff may file new motions and a renewed Application upon the lifting of the stay.

### CONCLUSION

On the basis of the foregoing, Plaintiff's claims against Defendants State of Hawai`i; the State of Hawai`i Attorney General; the State of Hawai`i Office of Disciplinary Counsel; the State of Hawai`i Commission of Judicial Conduct; the State of Hawai`i Department of Consumer Affairs, Regulated Industries Office; the State of Hawai`i DCCA Insurance Division, Lisa Cataldo, Keith Hiraoka, and Clyde Wadsworth are DISMISSED WITH PREJUDICE. Additionally, to the extent that Plaintiff's claims seek monetary damages from Defendants Grant Oumni, Ryan

15

Yamashiro, Terri Cobb-Adams, Eric Irwin, and Nina Couch in their official capacities, those claims are DISMISSED WITH PREJUDICE. Plaintiff's claims against the United States Department of Justice are DISMISSED WITHOUT PREJUDICE, and Plaintiff is granted leave to amend the claims against the United States Department of Justice. The Court will issue a deadline for the filing of Plaintiff's amended complaint after the stay is lifted.

The case is STAYED. Plaintiff is DIRECTED to notify the Court when Plaintiff's state court appeal is resolved: either 60 days after judgment has been entered in AOAO of Moluleia Surf v. Barjaktarovic, No. CAAP-23-0000018 if Plaintiff does not file an application for certiorari with the Hawai`i Supreme Court, or within 60 days of the conclusion of a potential Hawai`i Supreme Court appeal.

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed June 7, 2024; Plaintiff's Order to Show Cause (TRO), filed June 13, 2024; and Plaintiff's Motion to Remove the Eviction Case, filed June 13, 2024, are DENIED AS MOOT.

IT IS SO ORDERED.

16

DATED AT HONOLULU, HAWAII, June 25, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MILICA BARJAKTAROVIC VS. STATE OF HAWAII,ET AL; CV 24-00249 LEK-WRP; ORDER:  DISMISSING CERTAIN DEFENDANTS; STAYING THE CASE; DENYING AS MOOT PLAINTIFF'S ORDER TO SHOW CAUSE (TRO), [FILED 6/13/24 (DKT. NO. 9),] AND DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, [FILED 6/7/24 (DKT. NO. 3)]