UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MILICA BARJAKTAROVIC,<br><br>        Plaintiff,<br><br>  vs.<br><br>STATE OF HAWAII,  et al.,<br><br>        Defendants. | CIV. NO. 24-00249 LEK-WRP |

**ORDER DISMISSING PLAINTIFF'S
SECOND AMENDED COMPLAINT WITH PREJUDICE AND
<u>DENYING AS MOOT ALL PENDING MOTIONS AND APPLICATIONS</u>**

On June 19, 2026, pro se Plaintiff Milica Barjaktarovic ("Plaintiff") filed a second amended complaint ("Second Amended Complaint"). [Dkt. no. 62.] Also on June 19, 2026, Plaintiff filed a motion seeking, among other things, permission to participate in electronic filing, a temporary restraining order, and the intervention of this Court in several state court proceedings ("6/19/26 Motion"). [Dkt. no. 61.]

On March 20, 2026, this Court filed an order ("3/20/26 Order"), which, among other things, reserved ruling on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed on January 21, 2026 ("IFP Application"); [dkt. no. 36;] and Plaintiff's Application for Permission to Participate in Electronic Filing (E-File) (Pro Se Non-Prisoner) ("E-Filing Application"), also filed on

January 21, 2026; [dkt. no. 37]. [Dkt. no. 48 at 31-32.[1]] The 3/20/26 Order also dismissed without prejudice the document that this Court liberally construed as Plaintiff's Amended Complaint, [filed 1/21/26 (dkt. no. 34)]. [Id. at 1, 33.]

For the reasons set forth below, the Second Amended Complaint is dismissed with prejudice - in other words, Plaintiff will not be permitted to file a third amended complaint. Plaintiff's 6/19/26 Motion, IFP Application, and E-Filing Application are denied as moot.

## BACKGROUND

The Second Amended Complaint names the same parties that were identified in the Amended Complaint, namely: the State of Hawai`i ("the State"); the Association of Apartment Owners of Mokuleia Surf ("AOAO"); current and past AOAO board members Kateryna Nezhura, Lorne Jackson, Richard Yniguez Jr., and Joannie Lum Torio; All Community Management LLC ("ACM"); ACM's sole proprietor, Bryn James; Porter Kiakona Kopper LLP ("PKK"); PKK attorneys, Kapono F.H. Kiakona, Michael C. Biechler, Jamie Mariaga, Dallas Walker, Noele B. Guerrero, and Sara M. Nakayama; Roeca Luria Shin LLP ("RLS"); RLS attorneys, James Ferguson,

---

[1] The 3/20/26 Order is also available at 2026 WL 788813. On May 14, 2026, Plaintiff filed a document, [dkt. no. 55,] that was liberally construed as seeking, among other things, reconsideration of the 3/20/26 Order. Plaintiff's request for reconsideration was denied in an entering order issued on June 8, 2026, [dkt. no. 55].

James Shin, and Jodie Roeca; Dispute Prevention and Resolution

Inc. ("DPR"); DPR arbitrator, Gail Nakatani ("Nakatani");

Commissioner Wayne K.T. Mau; and Doe Defendants 1-50

(collectively "Defendants"). See Amended Complaint at

PageID.3394-99; Second Amended Complaint at PageID.4014-19.

The factual and procedural background of this action

is set forth at extensive length in this Court's prior orders,

including the 3/20/26 Order and the order filed on June 25,

2024, which stayed the instant case[2] and denied then-pending

application and motions as moot ("6/25/24 Order"); [dkt.

no. 15;] as well as in the order filed on August 27, 2025 in

Barjaktarovic v. State of Hawai`i et al., CV 25-00299 LEK-RT

("CV 25-299" and "CV 25-299 8/27/25 Order"), [CV 25-299, dkt.

no. 19].[3] This Court incorporates the background set forth in

those orders and recounts only what is necessary to decide the

matters before it.[4]

---

[2] The stay was lifted on November 21, 2025. See Minute Order
- EO: Order Granting in Part and Denying in Part Plaintiff's
Requests in Plaintiff's Letter Filed on November 10, 2025, filed
11/21/25 (dkt. no. 31) ("11/21/25 EO"), at PageID.3386.

[3] The 6/25/24 Order is also available at 2024 WL 3164704,
and the CV 25-299 8/27/25 Order is also available at 2025 WL
2466668.

[4] Plaintiff asserts that the Second Amended Complaint
"presents the new, related claims that have arisen since 2024,
such as the illicit garnishing and foreclosure, as these events
relate to the original alleged fraud and violation of civil
(. . . continued)

Plaintiff's claims arise out of physical modifications to Unit 301 of the Mokuleia Surf condominium project, and which resulted in several ongoing state court proceedings. See, e.g., Second Amended Complaint at PageID.4036-39. Plaintiff alleges to have purchased Unit 301 in 2017. [Id. at PageID.4036.] In 2020, the AOAO commenced an action against Plaintiff in the Circuit Court of the First Circuit, State of Hawai`i ("circuit court"), challenging those modifications ("Modification Lawsuit"). See id. at PageID.4033; see also Ass'n of Apartment Owners of Mokuleia Surf v. Barjaktarovic, Case No. 1CCV-20-0000850 (Hawai`i Cir. Ct.),[5] Final Judgment, filed 11/15/22 (dkt. no. 231) ("Circuit Court Final Judgment"). The Modification Lawsuit was submitted to arbitration before Nakatani, who issued an award in favor of the AOAO that included approximately

---

rights and racketeering, supporting a federal civil rights claim under [Title 42 United States Code Section] 1983 since state action is involved." [Second Amended Complaint at PageID.4032.] This Court agrees with Plaintiff's assertion that the new events she alleges in the Second Amended Complaint relate to Plaintiff's allegations of fraud and other harms in her previous pleadings. For the reasons below, these related claims stem from Plaintiff's challenge of various state court proceedings. Accordingly, this Court does not provide background concerning events such as the alleged, illicit garnishing of Plaintiff's bank account, see, e.g., Second Amended Complaint at PageID.4052, because such events do not affect the Court's analysis in the instant Order.

    [5] The Modification Lawsuit circuit court case docket will be referred to as AOAO of Mokuleia Surf v. Barjaktarovic, Case No. 1CCV-20-0000850.

$277,331 in attorney's fees.[6] See Second Amended Complaint at

PageID.4033, PageID.4048. Plaintiff alleges that Nakatani also

"cut out [her] counterclaims." [Id. at PageID.4047.[7]] The circuit

court confirmed the award and entered judgment on November 15,

2022. See Circuit Court Final Judgment at 2. The Intermediate

Court of Appeals of the State of Hawai`i ("ICA") affirmed the

Circuit Court Final Judgment in its Summary Disposition Order

filed on June 30, 2025. [Ass'n of Apartment Owners of Mokuleia

Surf v. Barjaktarovic, No. CAAP-23-0000018, dkt. no. 473.[8]] On

September 4, 2025, the ICA entered its final judgment in favor

---

[6] At some parts in the Second Amended Complaint, Plaintiff
alleges that the Circuit Court Final Judgment award was
$277,311. See, e.g., Second Amended Complaint at PageID.4045. At
other parts, Plaintiff alleges that the Circuit Court Final
Judgment award was $277,331. See, e.g., id. at PageID.4080. The
Circuit Court Final Judgment award was $277,330.99. [Circuit
Court Final Judgment at 3.] Thus, this Court will refer to
$277,331 as the approximate amount awarded in the Circuit Court
Final Judgment.

[7] Plaintiff appears to have brought many counterclaims and
claims against several of the same defendants across various
state proceedings. See, e.g., AOAO of Mokuleia Surf v.
Barjaktarovic, Case No. 1CCV-20-0000850, Defendant's Answer to
Complaint for Declaratory and Injunctive Relief, filed 8/2/20
(dkt. no. 18), at pgs. 9-15; Barjaktarovic v. Ass'n of Apartment
Owners of Mokuleia Surf, Case No. 1CCV-26-0000360 (Hawai`i Cir.
Ct.), Complaint for Quiet Title and Other Claims Resulting in
Declaratory, Injunctive, and Compensatory Relief and punitive
Damages, filed 2/27/26 (dkt. no. 1), at 81-115.

[8] The ICA case docket of the Modification Lawsuit will be
referred to as AOAO of Mokuleia Surf v. Barjaktarovic, No. CAAP-
23-0000018.

of the AOAO ("ICA Final Judgment"). [AOAO of Mokuleia Surf,

No. CAAP-23-0000018 (dkt. no. 491).] Plaintiff applied to the

Hawai`i Supreme Court for a writ of certiorari, and on

November 4, 2025, the Hawai`i Supreme Court rejected Plaintiff's

petition. See 11/21/25 EO at PageID.3386.

On June 23, 2025, in a separate action, Association of

Apartment Owners of Mokuleia Surf v. Barjaktarovic, No. 1CCV-23-

0001047 ("Foreclosure Lawsuit"),[9] the circuit court filed an

order, which granted summary judgment in favor of the AOAO, and

that directed a decree of foreclosure and an order of sale be

entered as final judgment in the AOAO's favor ("Foreclosure

Order"). [Id., dkt. no. 485, at 12-13.] Plaintiff has appealed

the Foreclosure Order. See AOAO of Mokuleia Surf v.

Barjaktarovic, Case No. 1CCV-23-0001047, Notice of Appeal, filed

7/22/25 (dkt. no. 559); see also Ass'n of Apartment Owners of

Mokuleia Surf v. Barjaktarovic, No. CAAP-25-0000522.[10]

In the 3/20/26 Order, this Court, among other things,

concluded: that Plaintiff's Amended Complaint was "in substance

a direct attack on the final judgments of the state courts";

---

[9] The Foreclosure Lawsuit circuit court case docket will be
referred to as AOAO of Mokuleia Surf v. Barjaktarovic, Case
No. 1CCV-23-0001047.

[10] The ICA case docket of the Foreclosure Lawsuit will be
referred to as AOAO of Mokuleia Surf v. Barjaktarovic, No. CAAP-
25-0000522.

[3/20/26 Order at 17;] that all four prongs of the Rooker-Feldman analysis were satisfied;[11] [id. at 17-22;] and that no exception to the Rooker-Feldman doctrine applied because Plaintiff's allegations of fraud amounted to intrinsic rather than extrinsic fraud, and her claims were premised entirely on the assertion that the state court judgments themselves deprived her of her rights, [id. at 23-27]. This Court nevertheless gave Plaintiff the opportunity to file a second amended complaint, identified in detail what such a pleading would need to allege, and directed that Plaintiff could not incorporate any part of her earlier pleadings by reference and must comply with Federal Rule of Civil Procedure 8(a)(2) and (d)(1). [Id. at 27-29.] This Court also expressly cautioned Plaintiff that "the claims in the second amended complaint may be dismissed with prejudice if the second amended complaint fails to cure the defects identified in" the 3/20/26 Order. [Id. at 29.]

## DISCUSSION

The standards that this Court applies when screening a complaint pursuant to Title 28 United States Code Section 1915(a)(1) are set forth in the 3/20/26 Order and will not be repeated here. See 3/20/26 Order at 13-15.

---

[11] The Rooker-Feldman doctrine was developed in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983), and their progeny.

I.    **The *Rooker-Feldman* Doctrine**

As this Court explained in the 3/20/26 Order, the Rooker-Feldman doctrine provides that "'a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court,'" and it likewise bars federal district courts from considering "'de facto appeals'" of state court judgments. [Id. at 15-16 (quoting Searle v. Allen, 148 F.4th 1121, 1128 (9th Cir. 2025)).] The Rooker-Feldman doctrine applies only in "'cases [1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments.'" [Id. at 16 (quoting Searle, 148 F.4th at 1128).] When an action is a forbidden de facto appeal, the federal court also may not decide any issue "'inextricably intertwined'" with an issue resolved by the state court. Id. at 16 (quoting Searle, 148 F.4th at 1128); see also Hooper v. Brnovich, 56 F.4th 619, 624-25 (9th Cir. 2022) (per curiam) (courts "pay close attention to the **relief** sought," and "[c]laims are inextricably intertwined if the relief requested in the federal action would effectively reverse the state court decision or void its ruling" (quotation marks and citations omitted)). Additionally, the United States Supreme Court recently held that the Rooker-Feldman doctrine applies even

8

"when the state-court judgment at issue is subject to further review in state appellate proceedings." T.M. v. Univ. of Md. Med. Sys. Corp., 146 S. Ct. 1739, 1744 (2026).

The Second Amended Complaint continues to challenge the results of state court proceedings. Plaintiff alleges that this action seeks "damages due to improper proceedings in the State of Hawaii courts." [Second Amended Complaint at PageID.4036 (emphasis omitted).] Plaintiff also alleges "that the arbitration, Judgment, foreclosure, appeals and writs should have been voided but were not." [Id. at PageID.4032.] Plaintiff further alleges that the Foreclosure Order is invalid, see id. at PageID.4034, and that state judges committed misconduct and denied her due process by ruling against her, see, e.g., id. at PageID.4074-76, PageID.4143. These allegations again identify state court decisions as the source of Plaintiff's injuries and again ask this Court to review and void those decisions. Accordingly, as with the Amended Complaint, all four prongs of the Rooker-Feldman analysis are satisfied as to the Second Amended Complaint. See 3/20/26 Order at 17-22 (discussing the four prongs of the Rooker-Feldman analysis).

First, Plaintiff brings this action as a "state-court loser[]." See Searle, 148 F.4th at 1128 (quotation marks and citations omitted). Plaintiff admits that: she lost in the arbitration and in the circuit court's confirmation of the

arbitration award and entry of the Circuit Court Final Judgment; [Second Amended Complaint at PageID.4032-33;] she lost on appeal to the ICA and on her application for certiorari to the Hawai`i Supreme Court; [id. at PageID.4146;] and she is subject to the Foreclosure Order, [id. at PageID.4034].

Second, the injuries that Plaintiff complains about, including, but not limited to, "judgment of $277,311 [sic] for [the AOAO's] attorney fees (which magically matches the value of [Plaintiff's] condo Unit 301 at the time)," [id. at PageID.4037,] the loss of her property through foreclosure, which she describes as an "unconstitutional transfer of property" pursuant to "unlawful State court proceedings," [id. at PageID.4038 (emphasis omitted),] and the sale of that property, [id. at PageID.4051-52,] were caused by those state court judgments. See Searle, 148 F.4th at 1128.

Third, all of the state court judgments were rendered before Plaintiff commenced this action for the reasons set forth in the 3/20/26 Order. See 3/20/26 Order at 19-21; Searle, 148 F.4th at 1128.

Fourth, the Second Amended Complaint invites this Court to review and reject those judgments. See Searle, 148 F.4th at 1128. Although Plaintiff states that references to vacating an order or a judgment describe what the state court should have done, she nonetheless alleges that the arbitration

award, judgment, foreclosure, appeals, and writ for certiorari proceedings "should have been voided" and seeks declaratory and injunctive relief arising from those proceedings. See Second Amended Complaint at PageID.4032. Plaintiff further asserts that all major rulings in the AOAO's favor should have been reversed and the cases dissolved. See id. at PageID.4036. She describes the Foreclosure Lawsuit as "improper," refers to the arbitration proceeding as "invalid," and submits that the state court proceedings themselves "violate[d Plaintiff's] civil rights to due process and equal treatment." [Id.] Plaintiff alleges that "practically all proceedings and orders, and all judgments" in the arbitration and state court actions were "invalid, in abuse of process, abuse of discretion, and clear procedural misconduct," such that "the intervention of [this Court]" is required. See id. at PageID.4038.

Plaintiff asserts that she is "not asking [this Court to] revers[e] State orders and judgments," but is instead "asking to be compensated for damages due to improper proceedings in Hawaii arbitration and courts." [Id. at PageID.4145 (emphasis omitted).] This assertion, however, reinforces the conclusion that Plaintiff's claims in the Second Amended Complaint is inextricably intertwined with the state courts' rulings. See Hooper, 56 F.4th at 624-25. In short, to offer Plaintiff the relief she seeks, this Court would be forced

11

to determine whether the state court proceedings were in fact "improper." See Second Amended Complaint at PageID.4145 (emphasis omitted). Indeed, Plaintiff's damages theory depends entirely on establishing that the state courts got it wrong. For instance, she alleges that, had "the arbitrator . . . not cut [her] counterclaims" and refused to consider her evidence, she "would have won," the Circuit Court Final Judgment and Foreclosure Order would never have been entered, and sale of Unit 301 would never have occurred. See id. at PageID.4150 (emphases omitted). To award the relief she seeks - including reimbursement for lost equity in the foreclosed property and treble damages based upon that value, see id. at PageID.4189 - this Court would first have to find that the arbitration award, the Circuit Court Final Judgment, and the Foreclosure Order were wrongly decided. In addition, the Second Amended Complaint seeks declaratory and injunctive relief that would directly undercut the state court proceedings, including a declaratory judgment that Plaintiff's "modifications to Unit #301 are grandfathered," [id. at PageID.4187,] and an injunction to "stop the foreclosure," [id. at PageID.4215]. That is the essence of a forbidden de facto appeal. See Hooper, 56 F.4th at 624. Because all four Rooker-Feldman prongs are met, this Court lacks subject matter jurisdiction over the instant action as pled in the Second Amended Complaint. See Searle, 148 F.4th at 1128.

Further, no exception to the Rooker-Feldman doctrine applies. The Second Amended Complaint describes Plaintiff's fraud allegations as claims of "extrinsic fraud," which require this Court's intervention, [Second Amended Complaint at PageID.4038,] but the substance of the allegations is that: false or fabricated evidence was submitted in the state court proceedings and erroneously credited by the arbitrator and the state courts, and that Plaintiff's evidence was not admitted or considered by the arbitrator and the state courts. See, e.g., id. at PageID.4042-43, 4046, 4185-86. As this Court has already concluded, such allegations go to the heart of the matters decided by the state tribunals and are paradigmatic of allegations of intrinsic, not extrinsic, fraud. See 3/20/26 Order at 25-27; see also Mayes v. Campbell, No. 1:14-cv-02042-CL, 2015 WL 1931643, at *4 (D. Or. Apr. 28, 2015) ("[The p]laintiffs allege a conspiracy involving the state court. They challenge the very basis of the state judiciary's decisions: asserting local judges worked with law enforcement and private persons to secure false judgments against them. If true, this undoubtedly amounts to intrinsic fraud."). The record confirms that Plaintiff was not prevented from presenting her claims and defenses. She, among other things, asserted counterclaims, moved to vacate the arbitration award, appealed, and applied for certiorari. See, e.g., Second Amended Complaint at PageID.4146.

13

## II.  **Plaintiff's Claims Fail for Additional, Independent Reasons**

In addition to the Rooker-Feldman doctrine, the Second Amended Complaint must be dismissed for several, non-exhaustive reasons because it fails to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). For instance, Plaintiff purports to bring claims for denial of due process under Title 42 United States Code Section 1983. See, e.g., Second Amended Complaint at PageID.4162, PageID.4174. Plaintiff names, in part, condominium entities, board members, property-management entities, law firms, attorneys, an arbitration entity, and an arbitrator as defendants. See id. at PageID.4014-19. "Section 1983 provides a cause of action against 'every person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" Cornel v. Hawai`i, 37 F.4th 527, 531 (9th Cir. 2022) (brackets omitted) (quoting 42 U.S.C. § 1983). To state a claim under Section 1983, a plaintiff must allege: 1) that "she suffered the deprivation of a federally protected right," and 2) that "'the alleged deprivation was committed by a person acting under color of state law.'" See Park v. City & Cnty. of Honolulu, 952 F.3d 1136, 1140 (9th Cir. 2020) (quoting West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)).

Plaintiff alleges that private parties and state actors conspired to violate her rights, but the Second Amended

14

Complaint, at heart, relies on conclusory allegations that attorneys, judges, arbitrators, and others must have acted together because Plaintiff received rulings that were adverse to her interests. See, e.g., Second Amended Complaint at PageID.4210.[12] Conclusory allegations of conspiracy between private parties and state actors are insufficient to state a Section 1983 claim. See Camacho Hernadez v. Cnty. of Los Angeles, Case No. CV 25-05263-SB (DFM), 2026 WL 1508157, at *3 (C.D. Cal. Mar. 4, 2026) (citing Simmons v. Sacramento Cnty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003)).[13] Plaintiff asserts that Nakatani, a private defendant, violated of her right to procedural due process by ruling against her in arbitration, and the violation is actionable pursuant to Section 1983 because Nakatani "acted in manifest disregard of the law, fraud, procedural misconduct, bias, organized crime, obstruction of justice, and racketeering." See Second Amended Complaint at PageID.4169. However, an arbitrator's private conduct, such as issuing an arbitration ruling, without more, cannot form the basis for a Section 1983 claim. See Rajaee v.

---

[12] This Court previously dismissed Plaintiff's claims against the State of Hawai`i and other state actors with prejudice. See 6/25/24 Order at 7-8.

[13] The magistrate judge's report and recommendation in Camacho Hernandez, 2026 WL 1508157, was adopted by the district judge. 2026 WL 926827 (Apr. 3, 2026).

Callahan, Case No. 25-cv-1164-AGS-SBC, 2026 WL 714280, at *1 (S.D. Cal. Mar. 15, 2026).

Plaintiff's claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Title 18 United States Code Section 1961, *et seq.*, fares no better than her Section 1983 claims. See, e.g., Second Amended Complaint at PageID.4185. A civil RICO plaintiff must plead conduct of an enterprise through a pattern of racketeering activity that proximately caused injury to the plaintiff's business or property. See PacMar Techs. LLC v. Kao, CIV. NO. 22-00283 LEK-WRP, 2023 WL 9047370, at *5 (D. Hawai`i Dec. 29, 2023) (citing Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 997 (9th Cir. 2014); Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co., 943 F.3d 1243, 1248 (9th Cir. 2019)). Plaintiff alleges that she has presented evidence of "two or more predicate acts (mail fraud, wire fraud per 18 USC 1341, 1343, extortionate collection of debt), a pattern within the last 10 years, and injury to [her] property." [Second Amended Complaint at PageID.4185.] When RICO predicate acts sound in fraud, like they do here, the plaintiff must plead the circumstances of the fraud with particularity under Federal Rule of Civil Procedure 9(b). See PacMar, 2023 WL 9047370, at *9. "When the fraud involves multiple defendants, the pleader may not lump defendants together, but must 'differentiate their

16

allegations' and 'inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" Id. (quoting Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007) (per curiam)).

Plaintiff's RICO allegations are derivative of Plaintiff's contention that Defendants obtained, defended, or enforced state court and arbitration rulings through fraud and misconduct. See, e.g., Second Amended Complaint at PageID.4163-70 (describing the alleged violations of "[t]he racketeering / extortion ring"). Those allegations do not plausibly allege, much less plead with particularly, an enterprise, a pattern of racketeering activity, or any RICO injury independent of the state court judgments and orders of which Plaintiff complains about. In fact, such allegations reinforce the Court's conclusion that Plaintiff's claims are a direct attack on the final judgments of the state courts. See *supra* Discussion Section I.

### III. Federal Rule of Civil Procedure 8(a)(2) and (d)(1)

The Second Amended Complaint's failure to comply with Federal Rule of Civil Procedure 8 and with the express terms of the 3/20/26 Order provides a further and independent basis to dismiss it without the opportunity for further amendment. See Adams v. Currie, Case No. EDCV 14-1838 PSG (SS), 2015 WL 4607424, at *4 (C.D. Cal. July 6, 2015) (recommending that a

17

second amended complaint, which "include[ed] only frivolous, confusing, and incoherent allegations" despite the court providing the plaintiff with instructions intended to assist her in filing the second amended complaint, be dismissed without leave to amend).[14] This Court instructed Plaintiff that she could not incorporate any part of her original or Amended Complaint into the Second Amended Complaint by merely referring to those pleadings, and that she must comply with Rule 8(a)(2) and (d)(1), which require "'a short and plain statement of the claim'" and allegations that are "'simple, concise, and direct.'" [3/20/26 Order at 28-29 (quoting Fed. R. Civ. P. 8(a)(2), (d)(1)).] The Second Amended Complaint disregards those directives. At 312 pages long, the pleading is neither short nor plain, and it does not comply with the 3/20/26 Order. This non-compliance independently supports dismissal and confirms that Plaintiff is not entitled to an opportunity to file a third amended complaint.

## IV.   **Further Amendment Is Futile**

A pro se litigant ordinarily is entitled to notice of a complaint's deficiencies and an opportunity to amend, "[u]nless it is absolutely clear that no amendment can cure the

---

[14] The magistrate judge's report and recommendation in Adams, 2015 WL 4607424, was adopted by the district judge. 2015 WL 4609741 (July 30, 2015).

defect." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).[15] The defects here are jurisdictional and incurable. The injuries that Plaintiff alleges flow from, and are inextricably intertwined with, the state court judgments, and no amendment can change the source of those injuries or transform her de facto appeal into a claim that falls within this Court's jurisdiction. Moreover, Plaintiff has now had three opportunities to plead her claims, and this Court expressly cautioned her that a second amended complaint failing to cure the jurisdictional defect could be dismissed with prejudice. See 3/20/26 Order at 29. Where a plaintiff previously granted leave to amend fails to cure the identified deficiency, "the district court's discretion to deny [further] leave to amend is particularly broad." Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (brackets, quotation marks, and citation omitted). This Court concludes that further amendment would be futile. Therefore, the Second Amended Complaint is dismissed with prejudice.

---

[15] Lopez was overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc), as recognized in Singleton v. Gates, No. 25-743, 2026 WL 1494029, at *2 (9th Cir. May 28, 2026).

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the 6/25/24 Order and the 3/20/26 Order, Plaintiff's Second Amended Complaint, filed June 19, 2026, is DISMISSED WITH PREJUDICE. Plaintiff's June 19, 2026 motion seeking various forms of relief is DENIED AS MOOT. In addition, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed January 21, 2026, and Plaintiff's Application for Permission to Participate in Electronic Filing (E-File) (Pro Se Non-Prisoner), also filed January 21, 2026, are DENIED AS MOOT.

The Clerk's Office is DIRECTED to enter final judgment and close this case on **August 14, 2026.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 30, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**MILICA BARJAKTAROVIC VS. STATE OF HAWAII, ET AL; CV 24-00249 LEK-RT; ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE AND DENYING AS MOOT ALL PENDING MOTIONS AND APPLICATIONS**